■ In the Matter of ROBIN GRAY, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Respondent.— Determination unanimously annulled, with costs, and petition granted in accordance with the following Memorandum: Petitioner is a recipient of a grant in Aid to Dependent Children on behalf of herself and her three minor children, and is completely dependent on such public support. She had been living in inadequate facilities and at the urging of the local welfare department she found adequate housing for herself and family and moved in. The landlord required a security deposit in the sum of $100 and petitioner paid it out of her current grant for support. This, of course, reduced the amount which she had available from her grant for current monthly rent, food and clothing, and she asked the local department to reimburse her for the amount of the security deposit. The department refused to do so, and pursuant to statute petitioner requested a " fair hearing ", which was granted to her by respondent commissioner. At the conclusion of the hearing the local department agreed to advance, and has advanced, $70 to petitioner in partial reimbursement for the $100 deposit which she paid. Thereafter, respondent commissioner ruled that

since petitioner was already occupying the premises, " the security deposit is not required as a condition for her to secure or retain shelter ", and he affirmed the local department's decision not to advance more funds for the security deposit. Petitioner thereupon instituted this article 78 proceeding to review and annul the Commissioner's determination. The Commissioner did not rule upon the local department's contention that it had no duty to make a security deposit or, if it did have any such duty; it was not required to advance more than the sum which it allowed to petitioner for one month's rent, to wit, the sum of $70; and so we do not reach that question herein. The regulations of the State Social Services Department (18 NYCRR 352.6), providing for miscellaneous shelter allowances and grants, at the time of the hearing herein set forth in subdivision (b) that "security deposits * * * shall be provided". Subdivisions (a) and (c) thereof required certain payments by the local department, "when * * * other means are not available" or "when it is essential ", and it is clear that subdivision (b) unequivocally required payment of the security deposit. In February of 1973 that regulation was somewhat amended, and subdivision (b) now makes provision for "Avoidance of abuses in connection with rent security deposits", under which the local social service official may make appropriate agreement with the landlord with respect to a required security deposit, but it is still the intent of the regulation that the necessary security deposit be paid by the Social Service Department. In the circumstances of this case, where the department urged petitioner to find other living quarters and impliedly approved of the accommodations which petitioner rented, we find that the regulation requires the department to advance the amount of a reasonably demanded security deposit, which, of course, will be repaid to the department at the end of the occupancy in the absence of a breach of the lease terms by petitioner. If the department finds that the amount of the rent or deposit demanded is unreasonably high, it should find petitioner more reasonable, acceptable accommodations. To deprive a public assistance recipient of reasonable, minimum support by leaving her to the mercy of the rental market, and thus requiring her to use for rent or security deposit the funds designed to be used for food and clothing, is contrary to the spirit of the law and regulations. (Review of determination of respondent in article 78 proceeding, denying security deposit, transferred by order of Erie Special Term.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.